UNITED STATES DISTRICT COURT
MIDDLE DISCTRICT OF FLORIDA
ORLANDO DIVISION

ORLANDO HEALTH, INC.,
a Florida not-for-profit corporation,

    Plaintiff,

Case No.:

v.

HKS ARCHITECTS, INC., a Texas
corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ORLANDO HEALTH, INC., a Florida not-for-profit corporation ("Orlando Health"), by and through its undersigned counsel, hereby files this Complaint against Defendant, HKS ARCHITECTS, INC., a Texas corporation ("HKS"), and alleges:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages exceeding $75,000.00, exclusive of interest, costs, and attorneys' fees, for breaches of contract that arise from property located in and services performed in Seminole County, Florida.

2. The property subject to this litigation is located at 380 Rinehart Road, Lake Mary, FL 32746, Seminole County.

3. Plaintiff, Orlando Health, is an active Florida not-for-profit corporation incorporated under the laws of the State of Florida with its principal place of business located at 1414 Kuhl Ave, MP 2, Orlando, FL 32806. Accordingly, Orlando Health is a Florida citizen for the purposes of diversity jurisdiction.

4. Defendant, HKS, is a corporation incorporated under the laws of the State of Texas with its principal place of business located at 350 N. Saint Paul St., Suite 100, Dallas, TX 75201. Accordingly, HKS is a Texas citizen for the purposes of diversity jurisdiction.

5. As Orlando Health is a citizen of Florida and Defendant HKS is a citizen of Texas, complete diversity of citizenship between Orlando Health and HKS exists under 28 U.S.C. § 1332.

6. At all relevant times, HKS was a licensed architect in the State of Florida and performed services in both Orange and Seminole County, Florida.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the cause(s) of action accrued in Seminole County and the real property subject to this litigation is located in Seminole County.

8. Venue is proper in this Court because the contract at issue contains a forum selection clause stating that all legal proceedings arising out of the contract are to be filed in a court of competent jurisdiction located in Orange County, Florida.

9. All conditions precedent have occurred or have been waived.

## **GENERAL ALLEGATIONS**

10. Orlando Health and HKS entered into a Standard Form of Agreement Between Owner and Architect (the "Contract") with HKS to serve as the architect of record on the construction of a hospital bed tower and support services departments for the Orlando Freestanding Emergency Department consisting of six floors (with future expansion built into the structure) and approximately 317,185 square feet, a total of 150 beds with supporting departments, including kitchen/dining, imaging, infusion, pharmacy, lab, and other support services, surface parking, and a central energy plant located at 380 Rinehart Road, Lake Mary, Florida 32746 and known as the Lake Mary Bed Tower (the "Project").

11. Under the Contract, HKS was responsible for providing planning, architectural, and engineering services for the design and construction of the Project. *See* Contract, including all Exhibits and Amendments thereto, attached as **Exhibit "2." For ease of reference, the undersigned created a summary of the Contract and its Exhibits and Amendments, which is attached as Exhibit "1."**

12. Additionally, HKS was required to furnish structural engineering services and to manage the services it provided. *See* Exhibit 2, Article 3.

13. Among other things, HKS agreed to "perform its services consistent with the professional skill and care ordinarily provided by similarly sized or larger architects practicing in the same or similar locality under the same or similar

3

circumstances. The Architect shall perform its services as expeditiously as is consistent with such professional skill and care and the orderly progress of the Project." *See* Exhibit 2, Article 2 (emphasis added).

14. HKS failed to design the Project in accordance with the standard of care at the time of design and construction, resulting in substantial concrete and structural defects at the Project, including the following issues (the "Design Defects"):

   a. D&T Top Mat Rebar

   b. North Tower Cantilevered Condition

   c. North & East Tower Deflection

   d. East Tower Beam Repair/Expansion

15. In addition, HKS was required to perform regular and periodic construction administration, including site visits and inspections, wherein it had an opportunity to discover some of the Design Defects prior to the construction of the Work. *See* Exhibit 2, Article 3.

16. The Design Defects are a violation of design, building, and construction practices, industry standards, manufacturer requirements, applicable plans and specifications, and various governmental codes and restrictions, as in effect at the time the Project was designed and constructed.

17. Orlando Health has been damaged and continues to incur damages including, but not limited to, the resulting damages to the Project and other property

4

located therein, costs of repair, cost of correction, liquidated damages/delay damages, costs for additional testing, inspections, costs for uncovering defective and replacement work, costs for professional peer reviews of the Project and the defects, extended Project Management services, and alleged other third-party losses.

18. Orlando Health issued multiple notices of the Design Defects to HKS and to date has not received a substantive response.

19. HKS has not taken any action to address or investigate the damages resulting from the Design Defects.

20. The Contract between the parties requires that the "Owner and Architect shall endeavor to resolve all claims, disputes, and other matters in question between by mediation." Exhibit 2, § 8.2.2.

21. Orlando Health and HKS agreed on a mediator and per the requirements of the Contract, Orlando Health endeavored to resolve the claims raised in this Complaint against HKS at a mediation to no avail.

## COUNT I – BREACH OF CONTRACT
### (HKS)

22. Orlando Health adopts and realleges Paragraphs 1 through 21 as if fully set forth herein.

23. Orlando Health entered into the Contract with HKS for HKS to serve as the architect of record to provide planning, architectural, engineering, and

construction administration services for the construction of the Project, including the structural design.

24. The Design Defects constitute a material breach of the Contract.

25. HKS failed to perform its services consistent with the professional skill and care ordinarily provided by <u>similarly sized or larger</u> architects practicing in the same or similar locality under the same or similar circumstances.

26. HKS failed to fulfill its construction administration obligations under the contract by failing to detect and inform Orlando Health of the Design Defects at the Project.

27. HKS's failure to inform Orlando Health of Design Defects constitutes a material breach of the Contract.

28. HKS's breaches of the Contract has damaged Orlando Health in excess of $75,000.00.

WHEREFORE, ORLANDO HEALTH, INC., a Florida not-for-profit corporation, respectfully requests that this Court enter judgment against HKS ARCHITECTS, INC., a Texas corporation, for damages, including prejudgment interest, attorneys' fees, and costs, as well as any relief this Court finds just and proper.

## **DEMAND FOR ATTORNEYS' FEES AND COSTS**

Pursuant to the Contract between the Parties, Orlando Health demands attorneys' fees and costs incurred in connection with this action, which "shall include, without limitation, fees for legal counsel, paralegal expenses and fees, expert witness fees, travel, food and lodging expenses, and any other reasonable fees or expenses billed to the party or incurred on the party's behalf in connection with any such proceeding." *See* Exhibit 2, §10.15.

>  NELSON MULLINS RILEY &
>  SCARBOROUGH LLP
>
>  */s/ Jeremy Springhart*
>  JEREMY SPRINGHART, ESQ.
>  Florida Bar Number: 0506052
>  390 North Orange Avenue, Suite 1400
>  Orlando, Florida 32801
>  Telephone: (407) 669-4200
>  Jeremy.springhart@nelsonmullins.com
>  Nancy.Haarmann@nelsonmullins.com
>  Erica.dixon@nelsonmullins.com
>
>  *Attorney for Plaintiff,*
>  *ORLANDO HEALTH, INC.,*
>  *a Florida not-for-profit corporation*