**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ORLANDO HEALTH, INC.,

    Plaintiff,

v.                                                  Case No:   6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

    Defendant
/Third Party Plaintiff,

BBM STRUCTURAL ENGINEERS, INC.,

    Third Party
    Plaintiff

---

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** UNOPPOSED MOTION TO ENTER PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 28)
>
> **FILED:** August 30, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** UNOPPOSED MOTION TO ENTER PROPOSED CONSENT ORDER REGARDING ELECTRONICALLY STORED INFORMATION ("ESI") PROTOCOL (Doc. No. 29)
>
> **FILED:** August 30, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

By the above-styled motions, Plaintiff Orlando Health, Inc. asks the Court to enter a Protective Order regarding confidential information to be exchanged during discovery (Doc. No. 28-1) and a Consent Order Regarding Electronically Stored Information ("ESI") Protocol (Doc. No. 29-1).  Doc. Nos. 28, 29.  Both HKS Architects, Inc. and BBM Structural Engineers, Inc. have reviewed the proposed orders and agree.  Doc. No. 28, at 3; Doc. No. 29, at 3.

Upon review, the motions fail to establish, by citation to legal authority or otherwise, that the Court's entry of the proposed orders is necessary or appropriate, particularly in light of the parties' agreement to the procedures set forth therein. Indeed, the Case Management and Scheduling Order states that "[t]he parties may reach their own agreement regarding the designation of materials as 'confidential.' The Court ordinarily will enforce signed confidentiality agreements."  Doc. No. 20,

at 4.[1]  *Cf. Local Access, LLC v. Kelley Drye & Warren LLP*, No. 6:20-cv-2315-WWB-EJK, 2024 WL 3939468, at *1 (M.D. Fla. Apr. 10, 2024) (declining to enter a protective order, stating "as in nearly every other case before this Court, the parties will be directed to meet and confer to enter into a confidentiality agreement"); *see also* Middle District Discovery (2021) § VIII (requiring cooperation amongst counsel regarding discovery of ESI and encouraging counsel to discuss protocols for exchange of ESI).

Accordingly, absent some argument or legal authority demonstrating that entry of the protective order or ESI protocol by the Court, rather than private agreement amongst the parties, is proper, the above-styled motions (Doc. Nos. 28–29) are **DENIED**.  If a dispute arises regarding private confidentiality or ESI agreements, the parties may seek enforcement by the Court at that time, by citation to legal authority demonstrating that any relief sought is appropriate under governing law.

---

[1] The Court notes, however, that "[w]hether documents may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential."  Doc. No. 20, at 4; Local Rule 1.11.

**DONE** and **ORDERED** in Orlando, Florida on September 3, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties