# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ORLANDO HEALTH, INC.,

      Plaintiff,

v.                                                   Case No:   6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

      Defendant
/Third Party Plaintiff,

BBM STRUCTURAL ENGINEERS, INC.,

      Third Party Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** ORLANDO HEALTH, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM BBM STRUCTURAL ENGINEERS, INC. (Doc. No. 35)
>
> **FILED:** October 16, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On April 12, 2014, Plaintiff Orlando Health, Inc. ("Orlando Health") instituted this action against HKS Architects, Inc., ("HKS") alleging a breach of contract claim based on HKS's role as architect in a hospital construction project. Doc. No. 1. HKS answered the complaint and filed a third-party complaint against BBM Structural Engineers, Inc. ("BBM") based on a Subconsultant Agreement that HKS entered into with BBM. Doc. Nos. 10, 13. BBM has answered the third-party complaint. Doc. No. 17. Discovery is ongoing. Doc. No. 20.

By the above-styled motion, Orlando Health seeks to compel production of documents from BBM, based on a First Request for Production to BBM served on July 24, 2024. Doc. No. 35; Doc. No. 35-1, at 1–10. BBM served untimely responses to the discovery on September 4, 2024, in large part stating that documents would be produced, but to date, BBM has not produced any documents. Doc. No. 35, at 2; Doc. No. 35-2. So, Orlando Health seeks to compel BBM's compliance, and requests an award of fees under Federal Rule of Civil Procedure 37(a)(5) for bringing the motion. Doc. No. 35, at 3.

BBM has not responded to the motion, and the time for doing so expired on October 21, 2024. *See* Doc. No. 21 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion). Accordingly, the Court deems the motion to be unopposed in all respects. *See id.* (stating that failure to file a timely response *will* result in the discovery motion being

deemed unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related discovery attached, Orlando Health's motion to compel the discovery production is due to be granted. Orlando Health's request for fees under Rule 37 is also well taken. Rule 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). While the Rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), BBM has not presented any information or argument suggesting that those circumstances apply here.

Accordingly, it is **ORDERED** as follows:

1. Orlando Health's Motion to Compel Production of Documents from BBM (Doc. No. 35) is **GRANTED**.

2. Within **fourteen (14) days** of the date of this Order, BBM shall produce all documents in its current possession, custody, or control responsive to Orlando Health's First Request for Production. *See* Doc. Nos. 35-1, 35-2.

3. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4. Within **fourteen (14) days** of the date of this Order, Orlando Health and BBM shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Orlando Health for the filing of the present motion. By this same deadline, the parties shall file a joint notice of the amount agreed upon. If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, Orlando Health shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.

5. **Failure to comply with this Order may result in further sanctions.** *See* **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties