# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ORLANDO HEALTH, INC.,

      Plaintiff,

v.                                                            Case No:   6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

      Defendant
/Third Party Plaintiff,

BBM STRUCTURAL ENGINEERS, INC.,

      Third Party Plaintiff

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** ORLANDO HEALTH, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM HKS ARCHITECTS, INC. (Doc. No. 41)
>
> **FILED:** October 23, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On April 12, 2014, Plaintiff Orlando Health, Inc. ("Orlando Health") instituted this action against HKS Architects, Inc., ("HKS") alleging a breach of contract claim based on HKS's role as architect in a hospital construction project. Doc. Nos. 1, 33. HKS answered the complaint and filed a third-party complaint against BBM Structural Engineers, Inc. ("BBM") based on a Subconsultant Agreement that HKS entered into with BBM. Doc. Nos. 10, 13, 34. BBM has answered the third-party complaint. Doc. No. 40; *see also* Doc. No. 17. Discovery is ongoing. Doc. No. 20.

By the above-styled motion, Orlando Health seeks to compel HKS to produce documents responsive to Orlando Health's Request for Production, served on May 30, 2024. Doc. Nos. 41, 41-1.[1] Orlando Health and HKS subsequently agreed that the response deadline for the discovery would be September 23, 2024. Doc. No. 41, at 2; Doc. No. 41-2, at 1–2. HKS did not meet that deadline, and after a conference between counsel, HKS agreed to provide responsive documents by October 15, 2024. Doc. No. 41, at 2. HKS did not comply with that deadline either. *Id.* So,

---

[1] In the motion, Orlando Health says that the discovery was served on June 5, 2024, while the certificate of service on the discovery says May 30, 2024. Doc. No. 41, at 2; Doc. No. 41-1, at 9. The discrepancy has no bearing on resolution of this motion, so the Court uses the date on the certificate of service.

Orlando Health seeks to compel HKS's compliance, and asks for an award of fees under Federal Rule of Civil Procedure 37(a)(5) for same. *Id.* at 3.

HKS has filed a response, in which HKS does not contest any of Orlando Health's assertions, admits it has not produced responsive documents, and does not address any objections. Doc. No. 42.[2] Instead, HKS basically says that it was busy with a project, which has now neared completion, HKS "is now able to devote the resources necessary to produce," and HKS is reviewing the production for privilege and will begin producing within ten (10) days. *Id.* at 2. HKS also does not address Orlando Health's request for fees under Rule 37(a)(5). *Id.*

Upon review, given the lack of justification for HKS's admitted failure to timely comply with the discovery, the Court finds Orlando Health's motion well taken. Fed. R. Civ. P. 34, 37. Orlando Health's request for fees under Rule 37 is also well taken. Rule 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

---

[2] The Court also notes that the response fails to comply with Local Rule 1.08. Going forward, future filings that fail to comply with all applicable Local Rules may be stricken or summarily denied without further notice.

While the Rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), HKS has been given an opportunity to be heard and has not presented any information or argument suggesting that those circumstances apply here. Doc. No. 42.

Accordingly, it is **ORDERED** as follows:

1. Orlando Health's Motion to Compel Production of Documents from HKS Architects, Inc. (Doc. No. 41) is **GRANTED**.

2. Within **fourteen (14) days** of the date of this Order, HKS shall produce **all** documents in its current possession, custody, or control responsive to Orlando Health's First Request for Production. *See* Doc. No. 41-1.

3. All objections to the discovery at issue, other than privilege, have been waived by the failure to timely respond to the discovery. *See, e.g.*, *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (failure to timely respond to discovery waives objections); *Healy v. RHS Cos., Inc.*, No. 6:06-cv-901-Orl-KRS, 2007 WL 1789116, at *1 (M.D. Fla. June 19, 2007) (objections, other than privilege, waived by failure to timely respond to discovery). To the extent that HKS intends to raise any privilege objections to the First Request for Production, within **fourteen (14) days** of this Order, HKS must serve a privilege log on Orlando Health. *See Standing Order Regarding Privilege Logs*, Case No. 6:19-mc-32-Orl-LRH, Doc.

No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

4. Given the length of time that this discovery has remained outstanding, along with the lack of justification by HKS, these deadlines will not be extended absent a showing of exigent circumstances supported by evidence.

5. Within **fourteen (14) days** of the date of this Order, Orlando Health and HKS shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Orlando Health for the filing of the present motion. By this same deadline, the parties shall file a joint notice of the amount agreed upon. If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, Orlando Health shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.

6. **Failure to comply with this Order may result in further sanctions.** *See* **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2024.

*/s/ Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties