**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ORLANDO HEALTH, INC.,

      Plaintiff,

v.                                   Case No:   6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

      Defendant
/Third Party Plaintiff,

BBM STRUCTURAL ENGINEERS, INC.,

      Third Party Plaintiff

**ORDER REQUESTING ADDITIONAL BRIEFING**

In this breach of contract action, Plaintiff Orlando Health, Inc. ("Orlando Health") moved to compel Defendant HKS Architects, Inc. ("HKS") to produce documents responsive to Orlando Health's Request for Production.  Doc. No. 41. On October 30, 2024, after HKS responded to Orlando Health's motion (Doc. No. 42), the Court granted Orlando Health's motion in its entirety.  Doc. No. 44. Specifically, the Court directed HKS to produce, on or before November 13, 2024, "**all** documents in its current possession custody, or control responsive to Orlando

Health's First Request for Production." *Id.*, at 4 (emphasis in original). The Court further found all objections other than privilege waived, and levied sanctions against HKS in the form of Orlando Health's reasonable fees and expenses incurred in filing the motion to compel. *Id.*, at 4-5.

On November 18, 2024, Orlando Health filed a second motion to compel and motion for contempt against HKS arguing that HKS has failed to comply with the Court's October 30, 2024 Order in that HKS has failed to produce "**all** documents in its current possession custody, or control responsive to Orlando Health's First Request for Production," and that HKS has failed to execute a previously agreed upon ESI Protocol. Doc. No. 51. The Court ordered supplemental briefing from Orlando Health, and a response from HKS. Doc. No. 52. Orlando Health and HKS have both timely complied. Doc. Nos. 54, 56.

Upon review of these filings, however, the Court finds that there are several issues that remain in dispute, some of which appear to call into question the veracity of various representations both in the filings and attached email correspondence, as well as in a prior August 30, 2024 filing. *See* Doc. No. 29. Normally, the Court would set this matter for an in-person hearing and require that corporate representatives from both sides attend in-person so that the Court could resolve these issues. However, the Court does not desire to be the Grinch Who Stole

Christmas, and in light of the impending holidays, will instead attempt to obtain answers via additional briefing.

Accordingly, it is **ORDERED** as follows:

1. Within **seven (7) days** from the date of this Order, Orlando Health shall file a reply brief of no more than **seven (7) pages** in length. The reply brief shall include citation to relevant legal authority and shall address the issues raised in HKS's response (Doc. No. 56), to include addressing HKS's apparent assertions that during a July 30, 2024 email exchange and earlier conversation, the parties agreed to a modification of the ESI Protocol and that the scope of production should be limited to a "Project Depository" or "Project File." The reply may not raise issues not previously addressed in the motion, supplemental brief, and response. Doc. Nos. 51, 54, 56.

2. Within **seven (7) days** from the date of this Order, HKS may also file a supplemental brief of no more than **seven (7) pages** in length.[1] The supplemental brief shall address, with citation to applicable legal authority, the following issues:

    A. Define with specificity the terms "Project Depository" and "Project File," to include explaining whether these terms reference the same documents/source fields, and if not, how

---

[1] The Court previously provided HKS with 15 pages for its response, *see* Doc. No. 52, however HKS elected to submit only an 8-page response, *see* Doc. No. 56. The Court will therefore permit HKS an opportunity to utilize the remainder of its page limit.

they differ and the extent to which HKS has made productions from both.

B. Whether Orlando Health and HKS jointly agreed (either on July 30, 2024 or at some other date) to a modification of the ESI Protocol and/or modification of HKS's response to Orlando Health's Request for Production to limit production to the "Project Depository" and/or "Project File," in that production of same would satisfy any proportionality concerns. If such an agreement was made, identify with specificity the date, time, and method of agreement. *See* Doc. No. 56, at 6-7.

C. Whether HKS can raise any arguments regarding modifications to the ESI Protocol in light of the August 30, 2024 Unopposed Motion to Enter Proposed Consent Order Regarding Electronically Stored Information ("ESI") Protocol (Doc. No. 29), in which the parties – to include HKS – agreed to an ESI Protocol.

D. Whether, in accordance with the email correspondence attached to Orlando Health's motion, HKS previously agreed to the ESI Protocol in full with respect to email production and without any modifications as to proportionality, and if so, why HKS should be permitted to modify the ESI Protocol at this late stage,

                including why HKS has not produced a copy of its proposed modified ESI Protocol to Orlando Health. *See, e.g.,* Doc. No. 41-3; Doc. No. 51-1; Doc. No. 51-2; Doc. No. 51-3; Doc. No. 51-4.

E. Whether any arguments or objections regarding the proportionality of HKS's production as set forth in HKS's response (Doc. No. 56) have been waived given HKS's failure to assert such arguments and objections in their responses to Orlando Health's Request for Production, **and** HKS's failure to raise such arguments and objections in response to Orlando Health's first motion to compel, **and** in light of the Court's October 30, 2024 Order which does not limit production in any manner and expressly states that all objections have been waived.

F. Why Orlando Health should be required to engage in further conferrals regarding HKS's production given the clear and unambiguous language of the Court's October 30, 2024 Order. Doc. No. 44; *see also* Doc. No. 56, at 4-5, 7.

3. Upon review of this additional briefing, the Court will take the motion under advisement, with such additional proceedings as are appropriate, up to and

including an **in-person** hearing with lead counsel and Orlando Health's and HKS's corporate representatives in attendance.

4. While the Court notes that conferrals appear to have been unproductive as of date, the Court remains optimistic and urges the parties to continue to work together to resolve the present dispute.  As the Court noted in the October 30, 2024 Order, HKS's failure to comply with that Order may result in sanctions as set forth in Fed. R. Civ. P. 37(b).

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties