UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORLANDO HEALTH, INC.,

      Plaintiff,

v.   Case No:   6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

      Defendant
/Third Party Plaintiff,

BBM STRUCTURAL ENGINEERS, INC.,

      Third Party Defendant

## ORDER

Before the Court is Orlando Health Inc.'s Third Motion to Compel Production of Documents from HKS Architects, Inc. and for Sanctions. Doc. No. 72. The motion concerns HKS Architects, Inc.'s ("HKS") alleged failure to comply with two prior Orders of the Court ordering HKS to produce documents in response to Orlando Health's First Request for Production. *Id.*; *see also* Doc. Nos. 44, 65. Orlando Health seeks to compel compliance, an award of fees for bringing the motion, and additional sanctions as the Court deems appropriate. Doc. No. 72, at

3.

HKS has not responded to the motion, and the time for doing so expired on January 29, 2025. *See* Doc. No. 21 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion). Accordingly, the Court deems the motion to be unopposed in all respects. *See id.* (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, the Court will grant the requested relief in full, in particular based on HKS's continued failure to comply with Court Orders, which HKS does not dispute or justify given its failure to respond to the motion. The Court also finds the request for attorneys' fees well taken, as, by its failure to respond to the motion, HKS has not demonstrated that its failure to

comply was substantially justified or that any other circumstances exist making an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

The Court will further set this matter for an in-person hearing, with all parties present, regarding the issue of appropriate sanctions for HKS's continued failure to comply with Court Orders. *See* Doc. No. 65, at 20 (cautioning HKS that further failures to comply may subject HKS to additional sanctions under Federal Rules of Civil Procedure 16, 37(b), and the Court's inherent authority). HKS is reminded that the Court is considering the entire panoply of sanctions under Federal Rule of Civil Procedure 37(b), up to and including the striking of HKS's answer and the imposition of default. *See* Doc. No. 65, at 18, 20; Fed. R. Civ. P. 37(b)(2)(A).

Accordingly, it is **ORDERED** as follows:

1. Orlando Health Inc.'s Third Motion to Compel Production of Documents from HKS Architects, Inc. and for Sanctions (Doc. No. 72) is **GRANTED**.

2. On or before **5:00 p.m. on February 10, 2025**, HKS shall produce to Orlando Health all documents in its current possession, custody, or control previously ordered to be produced and responsive to Orlando Health's First Request for Production. *See* Doc. Nos. 44, 65.

3. On or before **5:00 p.m. on February 10, 2025**, HKS shall file a certificate of compliance with the Court stating whether all responsive documents have been produced.

4. On or before **February 10, 2025**, Orlando Health and HKS shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Orlando Health for the filing of the present motion. By this same deadline, the parties shall file a joint notice of the amount agreed upon. If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, Orlando Health shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.

5. **TAKE NOTICE** that an in-person hearing will be held before the undersigned on **Tuesday February 25, 2025 at 10:30 a.m.** in **Courtroom 5D**, Fifth Floor, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida, on the issue of appropriate sanctions for HKS's continued failure to comply with Court Orders.

6. **Lead counsel for Orlando Health and HKS and the corporate representatives for Orlando Health and HKS shall be present at the February 25, 2025 hearing <u>in person</u>.** Requests for remote appearance will not be entertained. The parties shall be prepared to discuss and/or present

evidence concerning the issues raised in Orlando Health's initial motion to compel (Doc. No. 41), second motion to compel, (Doc. No. 51), third motion to compel (Doc. No. 72), the Court's Orders entered thereon (Doc. Nos. 44, 65), and HKS's noncompliance with same, to include the appropriate sanctions to be imposed for said noncompliance.

**7.    Failure to comply with this Order in full <u>will</u> result in further sanctions, up to and including the striking of answers and default judgment.   Fed. R. Civ. P. 37(b)(2)(A).**

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties