# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ORLANDO HEALTH, INC.,

      Plaintiff,

v.                                               Case No:   6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

      Defendant
/Third Party Plaintiff,

v.

BBM STRUCTURAL ENGINEERS, INC.,

      Third Party Defendant

## ORDER

Before the Court is HKS Architects, Inc.'s Motion for Reconsideration of the Court's January 30, 2025 Order and Response in Opposition to Orlando Health, Inc.'s Third Motion to Compel Production of Documents from HKS Architects, Inc. and for Sanctions.  Doc. No. 79.  Upon review, the motion (Doc. No. 79) will be denied.  First, the motion fails to comply with Local Rule 3.01(g).  Second, the motion fails to meet the requirements necessary for reconsideration.

Reconsideration of a court order is an extraordinary remedy that must be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Id.* (citations omitted).

Here, HKS's motion is premised solely on the third ground—the alleged need to correct a clear error or manifest injustice. Doc. No. 79, at 6. But HKS states only that it "erroneously calendared" the response deadline regarding Orlando Health's motion to compel, and otherwise proceeds to dispute the merits of Orlando Health's motion, essentially arguing that it has attempted to comply with the Court's prior Orders. *Id.* at 6–7. But a "conclusory assertion that reconsideration is necessary to prevent manifest injustice is insufficient to demonstrate such." *See Rodriguez v. GEICO Gen. Ins. Co.*, No. 6:19-cv-1862-Orl-40GJK, 2020 WL 6270818, at *2 (M.D. Fla. Sept. 30, 2020). And a conclusory assertion regarding a calendaring error—when HKS is fully aware of the deadlines set forth in the Standing Order on Discovery Motions as demonstrated by the prior motions practice in this case—is unavailing. *See Stallworth v. Omninet Vill., L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424,

at *2 (M.D. Fla. Aug. 23, 2016) (finding that a party's failure to timely serve discovery or respond to a motion to compel "due to alleged calendar errors or mistakes does not amount to the type of manifest injustice that compels extraordinary relief" of reconsideration); *see also United Fire & Cas. Co. v. Progressive Express Ins. Co.*, No. 6:19-cv-1049-Orl-41EJK, 2020 WL 11421204, at *2 (M.D. Fla. July 30, 2020) (denying motion for reconsideration where counsel incorrectly mis-calendared deadline to respond to discovery motion as 14 days rather than 5 days under discovery standing order).[1]

Accordingly, the motion (Doc. No. 79) is **DENIED**. The deadlines and requirements set forth in the Court's January 30, 2025 Order remain in full force and effect. Doc. No. 74. HKS's remaining arguments regarding the ESI Protocol, *see* Doc. Nos. 65–66, and its alleged attempts at compliance with the Court's prior Orders, *see* Doc. No. 79, at 6–7, will be addressed at the February 25, 2025 hearing. *See* Doc. No. 74.

---

[1] HKS's reliance on *Evergreen Media Holdings, LLC v. Paul Rock Produced, LLC*, No. 2:14-cv-499-FtM-29MRM, 2015 WL 13730160, at *1 (M.D. Fla. Dec. 11, 2015), is unpersuasive because there, the reconsideration request was unopposed and was based on an agreement between the parties on the discovery issues, which is clearly not the case here.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties