UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORLANDO HEALTH, INC.,

    Plaintiff,

v.                                              Case No:   6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

    Defendant
    /Third Party
    Plaintiff,

BBM STRUCTURAL ENGINEERS, INC.,

    Third Party
    Defendant

**ORDER**

Before the Court is Orlando Health, Inc.'s ("Orlando Health") Motion to Require BBM's Attendance at the February 25, 2025 Hearing for Purposes of Disclosing BBM's Efforts to Comply with Its Discovery Obligations (Doc. No. 86), and BBM Structural Engineers, Inc's ("BBM") Amended Motion to Compel Orlando Health, Inc.'s Compliance with ESI Consent Order (Doc. No. 87). For the reasons set forth herein, Orlando Health's motion (Doc. No. 86) will be **GRANTED in its**

**remainder**, and BBM's motion (Doc. No. 87) will be **DENIED in part and set for hearing in part**.

I.    <u>Orlando Health's Motion (Doc. No. 86)</u>.

The Court previously denied Orlando Health's motion to the extent that Orlando Health was seeking to compel BBM's attendance at a previously-scheduled hearing. Doc. No. 100. However, the Court deferred the motion in its remainder, specifically regarding Orlando Health's argument that BBM failed to comply with ESI protocols in a prior discovery production, and the Court ordered the parties to engage in a further substantive conferral on this issue. *Id.* Pursuant to the joint notice of Orlando Health and BBM, that issue remains unresolved, Doc. No. 106, and accordingly, is the issue addressed by this Order.

Orlando Health's motion is premised on requests for production served on BBM on July 24, 2024. Doc. No. 86-2. BBM responded to the requests on September 4, 2024, stating in response to almost all requests: "BBM will produce responsive documents, as they are kept in the ordinary course of business or in accordance with the parties' ESI protocol." Doc. No. 86-3. BBM did not actually produce documents, however, until compelled to do so on October 16, 2024. *See* Doc. Nos. 35, 38. BBM made its production on October 22, 2024. Doc. No. 86, at 2. But according to Orlando Health, BBM failed to explain how it conducted its search for responsive documents (*i.e.*, custodians, search terms, etc.), and failed to

- 2 -

include required custodial field metadata. *Id.* at 2–3; Doc. No. 86-1; Doc. No. 106, at 3. So, Orlando Health seeks to compel BBM to: (1) disclose the search terms employed in collecting its responsive documents; and (2) recollect and reproduce emails, to include the required metadata. Doc. No. 106, at 3.

In the joint notice filed after the court-ordered conferral, BBM does not really explain why it refuses to provide its search terms to Orlando Health or why it will not produce the metadata, stating instead:

> First, Orlando Health has not sued BBM. Second, BBM previously searched, collected, and produced relevant project email prior to a fully executed ESI protocol, prior to entry of the Court's Consent Order [Doc. No. 66], and without mutually agreed search criteria. When BBM did so, its search was not limited by any date range and BBM searched more custodian email accounts than ultimately requested by Orlando Health. Accordingly, BBM complied with Orlando Health's First Request for Production. Furthermore, BBM remains willing to perform a second search as provided in the Consent Order [Doc. No. 66] *provided* the parties can agree on the relevant date ranges, custodians, and search terms for Orlando Health's email search.

Doc. No. 106, at 2.

BBM's apparent contention that it did not have to comply with the ESI protocol because it was not yet entered by the Court, *see* Doc. No. 66, is unavailing, given that the docket reflects that BBM agreed to the ESI protocol before responding to the discovery at issue. *See* Doc. No. 29, at 3; Doc. No. 35-3, at 2; Doc. No. 106, at 3. And the Court also finds unavailing BBM's argument that it has in essence produced more than was required under the ESI protocol, as entry of the ESI

- 3 -

protocol by the Court did not somehow subsequently narrow a production already made, rendering BBM's concession to a second search conditional on an Orlando Health email search unpersuasive. *See* Doc. No. 106, at 2.

Accordingly, absent a valid reason by BBM for its refusal to provide its search terms to Orlando Health or an explanation as to why it cannot reproduce responsive emails that include metadata, nor citation to any legal authority in support, *see* Doc. Nos. 90, 106, Orlando Health's motion (Doc. No. 86) is **GRANTED in its remainder**. It is **ORDERED** that within **fourteen (14) days** of the date of this Order, BBM shall produce to Orlando Health: (1) a list of the search terms and custodians used for its October 22, 2024 production to Orlando Health; and (2) a reproduction of the emails produced on October 22, 2024, to include the required metadata. *See also* Doc. No. 66, at 6–11.

II.  BBM's Motion (Doc. No. 87).

BBM seeks to compel Orlando Health's compliance with the ESI protocol as well. Doc. No. 87. Specifically, BBM says that Orlando Health has unilaterally selected search criteria for its own production, which has limited the timeframe to June 1, 2022, and Orlando Health refuses to employ BBM's requested search terms. *Id.* BBM seeks to compel Orlando Health to: (1) use BBM's timeframe and search terms; and (2) conduct an ESI search using BBM's search criteria and make a production of documents using same. *Id.* Orlando Health opposes, Doc. No. 94,

and the Court ordered a reply from BBM, Doc. Nos. 95, 98. The Court also ordered the parties to conduct a further substantive conferral on the motion, Doc. No. 100, but the parties were unable to resolve the motion or agree to narrow the issues in any meaningful way. Doc. No. 106.

On review, to the extent that BBM seeks to compel Orlando Health to produce documents pursuant to the ESI protocol, the motion (Doc. No. 87) is **DENIED**. BBM bases this portion of its motion on no discovery request, Doc. No. 87, affirmatively states the motion is brought pursuant to the ESI protocol alone, Doc. No. 98, and stands firm that "each party's obligation to search for and produce ESI under the Court's Consent Order [Doc. No. 66] is not related to or triggered by any RFP that BBM served on Orlando Health," Doc. No. 106, at 5. But the Court finds no merit in this contention, as the ESI protocol governs the *scope* of discovery (to include search terms and custodians), and does not provide a mechanism for *compelling* production of discovery. Nothing in the ESI protocol suggests to the contrary. *See* Doc. No. 66, at 15 ("Nothing herein shall be construed so as to alter the deadlines, rules, and other requirements for discovery set forth in the Federal Rules of Civil Procedure or any relevant Orders from the Court. All Parties are still obligated to comply with their discovery obligations, as set forth in the Federal Rules of Civil Procedure 26, 33, and 34[.]"). Indeed, the only legal bases BBM provides to compel document production are Federal Rules of Civil Procedure 34

and 37.   Doc. No. 87, at 3.   But absent a discovery request under Rule 34, the Court cannot compel the production of documents from Orlando Health.[1]

However, insofar as BBM seeks to compel Orlando Health to comply with the ESI protocol, the motion (Doc. No. 87) will be **DEFERRED in its remainder**, and the Court will set a hearing thereon.   Specifically, as BBM argues, the ESI protocol states:

> Scope of ESI Discovery. Within fifteen (15) days of the entry of this Consent Order, the Parties agree to meet and confer on the appropriate scope of ESI discovery in this matter going forward, including the relevant date ranges and custodians who may possess relevant and material documents or information relating to the claims and defenses in this action.
>
> . . . .
>
> Cooperation. The Parties shall cooperate in good faith regarding the identification of custodians, the use of search terms and proper time frame for ESI production in view of the pleaded claims and defenses. *If the Parties cannot agree on these issues, they may submit respective proposals to the Court for ruling*.   If it later becomes apparent that additional custodians, search terms, or timeframes are necessary, the Court may allow said discovery upon showing of good cause.

Doc. No. 66, at 3, 5 (emphasis added).   Accordingly, given that BBM and Orlando Health cannot agree on date ranges and search terms pursuant to the ESI protocol,

---

[1] Although BBM served discovery requests on Orlando Health on January 21, 2025, BBM does not rely on that discovery to support its motion, Doc. Nos. 87, 98, 106, and thus that discovery is not further addressed herein.

Doc. No. 106, at 4–10, the Court finds it appropriate to set this remaining issue for a hearing.

Based thereon, **TAKE NOTICE** that a hearing will be held before the undersigned on the remainder of BBM's motion (Doc. No. 87), at **3:00 p.m. on Tuesday, March 11, 2025.** The Court has set aside **one hour** for the hearing. The hearing will take place via the **web-based Zoom application**. A Zoom invitation will separately issue to the parties by email. The parties shall be prepared to discuss their respective positions, to include discussion of facts and legal authority, regarding the date ranges and search terms they seek to employ.

BBM and Orlando Health are reminded of their obligation to continue to confer regarding this dispute, Doc. No. 21 ¶ 8, and shall notify the Court of any resolution prior to the hearing.

**DONE** and **ORDERED** in Orlando, Florida on March 7, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties