UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORLANDO HEALTH, INC.,

    Plaintiff,

v.  Case No. 6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

    Defendant/Third-Party Plaintiff,

v.

BBM STRUCTURAL ENGINEERS, INC.,

    Third-Party Defendant.

## ORDER

Before the Court is the motion of the defendant, HKS Architects, Inc. (HKS), and the third-party defendant, BBM Structural Engineers, Inc. (BBM), to strike the declaration of John E. Walsh, that Plaintiff filed in support of its opposition to the pending motion for summary judgment. (Doc. 71). For the following reasons, the motion to strike is denied.

According to HKS and BBM, the Walsh declaration offers statements that are outside Mr. Walsh's personal knowledge, makes conclusory arguments, and expertly opines on subjects that he lacks the expertise to offer. (Doc. 71 at 5). Plaintiff, on the other hand, contends that the motion to strike is improper

because the Walsh declaration is not a pleading and therefore cannot be struck under Federal Rule of Civil Procedure 12(f).

Under Federal Rule of Civil Procedure 56, a "declaration used to . . . oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Further, Rule 56 permits a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

Some courts in this circuit find that motions to strike are unauthorized under these circumstances. *Jordan v. City of Atlanta*, No. 1:20-CV-04567, 2023 WL 11909447, at *2 (N.D. Ga. July 24, 2023), *report and recommendation adopted,* No. 1:20-CV-04567, 2023 WL 11909736 (N.D. Ga. Sept. 28, 2023) (citations omitted). Another has found that a motion to strike is the "proper mechanism" to challenge a declaration at summary judgment. *Feagley v. Tampa Bay Downs, Inc.*, No. 8:11-cv-564, 2012 WL 2178857, at *3 (M.D. Fla. June 13, 2012) (citing *Johnson v. Scotty's Inc.*, 119 F. Supp. 2d 1276, 1281 (M.D. Fla. 2000)).

The Eleventh Circuit Court of Appeals seems to agree with the latter view—it has held that a failure to address a motion to strike related to a summary judgment motion can constitute an abuse of discretion. *Liebman v.*

2

*Metro. Life Ins.*, 808 F.3d 1294, 1300–01 (11th Cir. 2015) (holding that a district court must rule on a motion to strike and determine declaration's admissibility before ruling on a motion for summary judgment because the declaration could create a genuine dispute of material fact).[1] Ultimately, "at summary judgment, [the Court] may consider facts in a declaration so long as those facts later can be reduced to an admissible form." *Jimenez v. Dep't of Homeland Sec.*, 119 F.4th 892, 900 (11th Cir. 2024) (citing *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005)).

Here, the Walsh declaration meets the requirements of Rule 26(c) and is not offering an expert opinion. HKS and BBM "object" to paragraphs 7–39 of the declaration, but they only provide specific objections to paragraphs 7, 8, 11, 21. Some of the paragraphs that HKS and BBM generally object to, like paragraph 10,[2] demonstrate that Mr. Walsh is a lay witness, not an expert, because he is quoting from emails he received from BBM's and HKS's representatives and from BBM's Field Observation Report. (Doc. 73 at 7 (citing Doc. 60-1)). The report and emails that Plaintiff provides demonstrate that the

---

[1] *See also Hall v. United Ins. of Am.*, 367 F.3d 1255, 1261–62 (11th Cir. 2004) (affirming grant of motion to strike declaration that did not meet expert testimony standard of Federal Rule of Civil Procedure 702); *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010); *Burke v. Gen. Motors Corp.*, 218 F. App'x 951, 954 (11th Cir. 2007).

[2] For example, paragraph 10 merely identifies the date BBM issued the Field Observation Report and emailed it to HKS and quotes part of the BBM report as to the cause of cracking in the 12" slab. (Doc. 60-1 ¶ 10; Doc. 68 at 5; Doc. 73 at 7).

Walsh declaration is based on Mr. Walsh's personal knowledge—information that he learned in his role with Plaintiff, as Vice President of Facility Development. (*See* Doc. 73-2 at 3). And to the extent that HKS and BBM claim that the Walsh declaration contains legal conclusions, "[t]his Court is fully capable of separating the wheat from the chaff." (Doc. 73 at 14 (citing *Stalley v. ADS All. Data Sys., Inc.*, No. 8:11-cv-1652, 2014 WL 129069, at *3 (M.D. Fla. Jan. 14, 2014))).

Accordingly, the motion to strike (Doc. 71) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on March 18, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record