UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORLANDO HEALTH, INC.,

    Plaintiff,

v.                                    Case No. 6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

    Defendant/Third-Party Plaintiff,

v.

BBM STRUCTURAL ENGINEERS, INC.,

    Third-Party Defendant.
_____

## ORDER

In this breach-of-contract action, the defendant, HKS Architects, Inc. (HKS), and the third-party defendant, BBM Structural Engineers, Inc. (BBM), have moved for entry of summary judgment against Plaintiff, Orlando Health, Inc. (Doc. 50; Doc. 67). In their summary judgment motion, HKS and BBM primarily argue that Plaintiff seeks consequential damages, which were contractually waived. (Doc. 33-2 at 29; Doc. 50 at 3). However, Plaintiff contends that HKS has forfeited the affirmative defense of waiver. (Doc. 60 at 8–11). For the following reasons, Plaintiff's argument is **rejected**. HKS has not forfeited the affirmative defense of waiver.

Under Federal Rule of Civil Procedure 8(c), "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . waiver." Generally, a defendant's failure to state a Rule 8(c) affirmative defense in a responsive pleading "results in a forfeiture of the defense." *Centennial Bank v. Servisfirst Bank Inc.*, 8:16-cv-88, 2022 WL 10207685, at *17 (M.D. Fla. Oct. 13, 2022) (citing *Burgess v. United States*, 874 F.3d 1292, 1296 (11th Cir. 2017)); *accord Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). However, if a defendant's answer fails to assert a Rule 8(c) affirmative defense, the defendant will not lose the defense if the plaintiff "received notice of the defense 'by some means other than pleadings' and had 'a chance to rebut it.'" *Tri-Lady Marine, Ltd. v. Bishop Mech. Servs., LLC*, 763 F. App'x 882, 885 (11th Cir. 2019) (per curiam) (quoting *Grant v. Preferred Rsch., Inc.*, 885 F.2d 795, 797 (11th Cir. 1989)). This is because "the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it" (or in other words, to avoid "unfair surprise"). *Grant*, 885 F.2d at 797 (citing *Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)).

Assuming that HKS raised waiver for the first time in its motion for summary judgment, Plaintiff had notice and a chance to respond. *See Tri-Lady Marine Ltd.*, 763 F. App'x at 885 ("Like the defendant in *Grant*, Bishop Mechanical raised its defense for the first time in its motion for partial summary

judgment." (citing *Grant*, 885 F.2d at 798)). In *Grant*, the Eleventh Circuit Court of Appeals held that the district court appropriately considered a Rule 8(c) affirmative defense (statute of limitations) on the merits when the defendant raised it for the first time "in a motion for summary judgment filed . . . approximately one month before trial." 885 F.2d at 797–98. In comparison, HKS moved for summary judgment almost a year and a half before trial. Plaintiff had notice.

And Plaintiff had a chance to respond. Plaintiff does not assert any prejudice resulting from HKS raising the affirmative defense of waiver at summary judgment. *See id.* at 798; *see also Tri-Lady Marine Ltd.*, 763 F. App'x at 885; (*see also* Doc. 67 at 9 (arguing that Plaintiff cannot claim "unfair surprise")). Thus, it is appropriate to consider the affirmative defense of waiver on its merits. *See Grant*, 885 F.2d at 797 (quoting *Hassan*, 842 F.2d at 263). To the extent that what Plaintiff seeks are consequential damages, Plaintiff has waived them.

Accordingly, HKS has retained the affirmative defense of waiver. An Order, to issue later, will address the remaining arguments made in the parties' summary judgment filings.

**DONE** and **ORDERED** in Orlando, Florida, on April __8__, 2025.

      _____
      JOHN ANTOON II
      United States District Judge

Copies furnished to:
Counsel of Record