# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ORLANDO HEALTH, INC.,

      Plaintiff,

v.

                                          Case No. 6:24-cv-693-JA-LHP

HKS ARCHITECTS, INC.,

      Defendant.

_____

HKS ARCHITECTS, INC.,

      Third-Party Plaintiff,

v.

BBM STRUCTURAL
ENGINEERS, INC.,

      Third-Party Defendant.

_____

## ORDER

This breach-of-contract action[1] arises from the design and construction of a six-story hospital and supporting departments in Lake Mary, Florida.

---

[1] This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. Plaintiff, Orlando Health, Inc., is a citizen of Florida, and Defendant/Third-Party Plaintiff, HKS Architects, Inc., is a citizen of Texas. HKS's claims against the Third-Party Defendant, BBM Structural Engineers, Inc., fall within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Orlando Health has not asserted any claims against BBM; if it had, the Court would lack jurisdiction over those claims because BBM is, like Orlando Health, a citizen of Florida. *See* 28 U.S.C. § 1367(b).

Orlando Health, Inc. contracted HKS Architects, Inc. (HKS) to serve as architect of record and to be responsible for the planning, architectural, and engineering services—including structural engineering services—for the design and construction of the hospital. HKS then subcontracted BBM Structural Engineers, Inc. (BBM) to provide the structural engineering services for the project.

During construction of the hospital, various structural defects became obvious. These defects—which were determined to be design defects rather than construction defects—were serious, requiring immediate repairs before completion of the hospital. Orlando Health eventually filed this lawsuit to recover from HKS the costs of those repairs. And HKS has filed a third-party complaint against BBM, alleging that BBM is the responsible party because it committed the structural design errors.

Orlando Health now moves for summary judgment on all eleven of HKS's affirmative defenses, arguing that some are legally insufficient and that others are unsupported by the evidence. (Doc. 127). HKS has not responded to the motion, and its time for doing so has passed. *See* M.D. Fla. Local R. 3.01(c); (*see also* Doc. 20 at 5). Upon due consideration, Orlando Health's motion for entry of summary judgment on HKS's affirmative defenses must be granted.

## I.    Legal Standard

Summary judgment shall be granted if the moving party "shows that

there is no genuine dispute as to any material fact and the" moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When the plaintiff moves for entry of summary judgment on the defendant's affirmative defenses, the plaintiff "is not required to 'support its motion with affidavits or other similar material *negating* the'" affirmative defenses. *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (emphasis in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Instead, because the defendant "has the burden of proof at trial" on its affirmative defenses, *Four Parcels*, 941 F.2d at 1437, the "defendant has the initial burden of . . . showing that the" affirmative defense is applicable, *Blue Cross & Blue Shield v. Weitz*, 913 F.2d 1544, 1552 (11th Cir. 1990).

While "summary judgment is appropriate where the defendant fails to come forward with" sufficient evidence to support an affirmative defense, *Office of Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997), a "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. 5800 S.W. 74th Ave.*, 363 F.3d 1099, 1102 (11th Cir. 2004).

## II.    Discussion

Orlando Health seeks summary judgment on all eleven of HKS's affirmative defenses, arguing that some are legally insufficient and that others

are unsupported by the evidence.[2]  And Orlando Health asserts that the Court is not precluded from entering summary judgment on all eleven affirmative defenses by HKS's reservation of the right to assert additional affirmative defenses in its answer to the Amended Complaint.  Orlando Health's motion for summary judgment is well taken because HKS asserts legally insufficient affirmative defenses and fails to show that its affirmative defenses are applicable.

### A.  Failure to state a claim for third-party losses and consequential damages

HKS's first affirmative defense—that Orlando Health fails to state a claim for third-party losses and consequential damages—is legally insufficient.  (Doc. 34 at 4).  "Failure to state a claim is not an affirmative defense. . . ."  *Havana Docks Corp. v. Carnival Corp.*, 592 F. Supp. 3d 1088, 1194 (S.D. Fla. 2022).

### B.  Comparative fault of a nonparty

HKS's second affirmative defense asserts comparative fault of a nonparty. Orlando Health argues that HKS has not properly pleaded comparative fault or provided any evidence to support its applicability.  But the Court need not reach

---

[2] HKS's affirmative defenses are: (1) failure to state a claim, (2) comparative fault, (3) setoff of collateral source payments, (4) first costs and betterment costs, (5) failure to mitigate damages, (6) economic waste, (7) chain of causation, (8) the doctrine under *Slavin v. Kay*, 108 So. 2d 462 (Fla. 1959), (9) the defense under *Seibert v. Bayport Beach & Tennis Club Ass'n*, 573 So. 2d 889 (Fla. 2d DCA 1991), (10) intervening and superseding acts, and (11) sufficiency of pleading delay damages.  (Doc. 34 at 4–6).

these issues, because the defense is legally insufficient—"comparative fault is not a defense to a breach of contract claim." *Fed. Deposit Ins. Corp. v. Kunzmann Appraisals, Inc.*, No. 12-CV-80525, 2014 WL 12531543, at *3 (S.D. Fla. Feb. 11, 2014).

### C.    Setoff of collateral source payments

HKS's third affirmative defense requests a setoff related to any collateral source payments. This defense fails because HKS has not shown that the defense is applicable. There is no evidence that Orlando Health received "any amounts . . . from others arising out of or related to the same claims being alleged against HKS." (Doc. 127 at 12–13).

### D.    First costs and betterment costs, failure to mitigate damages, and economic waste

HKS's fourth, fifth, and sixth affirmative defenses relate to Orlando Health's damages—specifically, first costs and betterment costs, failure to mitigate damages, and economic waste. HKS fails to present any evidence that shows that these affirmative defenses are applicable.

The doctrine of first costs prevents a plaintiff "from obtaining damages that put it in a better place than it would have been if a contract was performed as agreed or if a tort never occurred." *AECOM Tech. Servs., Inc. v. Pro. Servs. Indus., Inc.*, 580 F. Supp. 3d 1176, 1199 (M.D. Fla. 2021). Here, there is no evidence that Orlando Health's claimed damages include first costs. And

Orlando Health submits that none of the damages it details in its affidavit include first costs.

Likewise, HKS fails to provide any evidence that its fifth and sixth affirmative defenses—failure to mitigate damages and economic waste—apply to this case. HKS provides no explanation for how Orlando Health could have mitigated its damages or how repairs for the design defects constituted economic waste.

### E.    Chain of causation and intervening and superseding acts

HKS also fails to provide evidence that shows its seventh and tenth affirmative defenses—broken chain of causation and intervening and superseding acts—are applicable. Assuming that these affirmative defenses are available in this breach-of-contract case, HKS does not identify the contractor that purportedly broke the chain of causation, nor does it identify the contractor or subcontractor whose acts were purportedly intervening and superseding. And Orlando Health argues that HKS and BBM have made outright admissions that they caused the design defects. (Doc. 127 at 16).

### F.    *Slavin* doctrine

HKS's eighth affirmative defense, arguing that the *Slavin*[3] doctrine bars Orlando Health's damages in whole or part, is legally insufficient. Under the

---

[3] *Slavin v. Kay*, 108 So. 2d 462 (Fla. 1959).

*Slavin* doctrine, a contractor cannot be held liable in a personal injury case for a third party's injuries that occur after the contractor's work is completed, after the property owner accepted the contractor's work, and after the injury-causing defects were patent. *Transp. Eng'g, Inc. v. Cruz*, 152 So. 3d 37, 42 (Fla. 5th DCA 2014). The *Slavin* doctrine is inapplicable because this is not a personal injury case. *Indep. Cas. & Sur. Co. v. Contractors Mgmt. Servs., Inc.*, No. 09-60143-CIV, 2010 WL 11504822, at *4 (S.D. Fla. Mar. 19, 2010). The *Slavin* doctrine is also inapplicable because, *inter alia*, Orlando Health is not suing HKS for a third party's injuries and Orlando Health incurred damages before the hospital was completed.

### G.    *Seibert* defense

HKS's ninth affirmative defense asserts that "the *Seibert* [4] defense" precludes Orlando Health from introducing expert testimony that contradicts authoritative interpretation of building code. Orlando Health argues that there is no *Seibert* defense—*Seibert* merely "stands for the proposition that expert witnesses should not be able to provide testimony as to the interpretation of a specific building code." (Doc. 127 at 18). Indeed, *Seibert* relates to the admissibility of expert testimony and does not create an affirmative defense. *See Seibert*, 573 So. 2d at 891. Since *Seibert* relates to the admissibility of expert

---

[4] *Seibert v. Bayport Beach & Tennis Club Ass'n*, 573 So. 2d 889 (Fla. 2d DCA 1991).

testimony it is "better suited for a motion in limin[e] or a *Daubert*[5] motion." (Doc. 127 at 18).

## H.    Sufficiency of pleading delay damages

HKS's eleventh affirmative defense asserts that Orlando Health insufficiently pleaded delay damages.  Orlando Health does not contest that delay damages are special damages that must be pleaded with particularity. *See, e.g., Newberry Square Dev. Corp. v. S. Landmark, Inc.*, 578 So. 2d 750 (Fla. 1st DCA 1991).  But Orlando Health submits that it is not seeking delay damages, as made clear by the Amended Complaint (Doc. 33 ¶¶ 25–29) and the several disclosures it made under Federal Rule of Civil Procedure 26.  HKS does not produce evidence to the contrary.  Hence, HKS fails to meet its initial burden of demonstrating the applicability of its defense that Orlando Health insufficiently pleaded delay damages.

## I.    Reservation of right to assert additional affirmative defense

Finally, Orlando Health argues that HKS's reservation of the right to assert additional affirmative defenses does not preclude the entry of summary judgment here.  The Court agrees.  Reserving the right to assert additional affirmative defenses does not confer a right on HKS to amend without the Court's approval. *FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315,

---

[5] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

321 (S.D. Fla. 2018). As a result, HKS's reservation of the right to assert additional affirmative defenses is "essentially meaningless." *Id.*

## III.  Conclusion

For the reasons explained above, Orlando Health's motion for summary judgment (Doc. 127) on HKS's affirmative defenses is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida, on December 17, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

9