# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ORLANDO HEALTH, INC.,

    Plaintiff,

v.

HKS ARCHITECTS, INC.,

    Defendant.

Case No. 6:24-cv-693-JA-LHP

_____

HKS ARCHITECTS, INC.,

    Third-Party Plaintiff,

v.

BBM STRUCTURAL
ENGINEERS, INC.,

    Third-Party Defendant.

_____

## ORDER

This case is before the Court on the Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) (Doc. 149) filed by Defendant, HKS Architects, Inc., and the Motion for Reconsideration and to Alter or Amend Order on Motion for Summary Judgment (Doc. 151) filed by Third Party-Defendant, BBM Structural Engineers, Inc.  Plaintiff, Orlando Health, Inc., has responded to both motions.  (*See* Docs. 154 & 156).  The Court

having considered the parties' submissions and the record, both motions will be denied.

## I.   Background

On September 30, 2025—the deadline for filing dispositive motions—Orlando Health filed a Motion for Summary Judgment on HKS's Affirmative Defenses (Doc. 127).  Under the Local Rules of this Court, the deadline to respond to that motion was twenty-one days later—October 21, 2025. *See* M.D. Fla. R. 3.01(d) (providing that "a party may respond within twenty-one days after service to a motion . . . for summary judgment"); *see also* Case Management & Scheduling Order, Doc. 20, at 5 ("The page limits and filing deadlines specified in Local Rule 3.01(a)–(d) apply to summary judgment filings.").  Although there was other activity in this case around that time,[1] no response to the motion was filed by the October 21 deadline or before the Court granted the motion on its merits (not as unopposed) on December 17, 2025—seventy-eight days after it was filed. (*See* Order, Doc. 148).

Twenty-two days after the Court granted Orlando Health's motion, on January 8, 2026, HKS filed its motion for relief from judgment (Doc. 149).  The next day, BBM filed its motion for reconsideration (Doc. 151).  Orlando Health

---

[1] Other filings in September and October included summary-judgment motions by HKS and BBM, (Docs. 116, 118, and 131), and multiple *Daubert* motions by BBM, (Docs. 120 & 122).  After the Court struck these motions, (*see* Order, Doc. 133), BBM, with permission of the Court, filed a consolidated *Daubert* motion on October 21, 2025, (*see id.* at 2–3; Doc. 138).

filed timely responses to both motions, (*see* Docs. 154 & 156), and the motions are now ripe for adjudication.

## II.    Discussion

### A.    HKS's Motion for Relief from Judgment (Doc. 149)

Relying on Federal Rule of Civil Procedure 60(b)(1), HKS seeks relief from the Court's December 17 Order, arguing that its failure to respond to Orlando Health's summary-judgment motion was due to "excusable neglect"—one of the four bases for relief in Rule 60(b)(1). HKS requests that the Court set aside the Order and allow HKS seven days to file a response to Orlando Health's motion.

But Rule 60(b) pertains to "Grounds for Relief from a Final Judgment, Order, or Proceeding," and this Court's December 17 Order granting the motion for summary judgment only on HKS's affirmative defenses was interlocutory—not final. "[I]nterlocutory judgments are not brought within the restrictions of [Rule 60], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 312 (2025) (quoting Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment); *see also Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379–80 (11th Cir. 2024) ("[W]hen . . . a district court enters a non-final order, it should evaluate motions to reconsider that order under the standards inherent in Rule 54(b)—plenary authority 'to reconsider, revise, alter or amend' a non-final order before the entry

3

of final judgment." (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000))); Fed. R. Civ. P. 54(b) (providing that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities).

As the Supreme Court explained in *Waetzig*, "with respect to [non-final orders], 'a rehearing may be sought at any time before [the] final decree, provided due diligence be employed and a revision be otherwise consonant with equity.'" 604 U.S. at 313 (second alteration in original) (quoting *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90–91 (1922)). Whether under Rule 60 or Rule 54, "the decision to grant . . . relief is committed to the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

The only basis for relief argued by HKS is excusable neglect, and HKS has not established excusable neglect here. HKS submits that it did not file a response to Orlando Health's summary-judgment motion because "[r]egrettably, due to unfortunate oversight, the firm's standard practices for calendaring were not followed." (Doc. 149 at 3). "[T]he response deadline was not calendared, and the attorneys responsible for this matter did not otherwise plan the required response." (*Id.*). HKS also repeatedly refers to the problem as "an administrative error," (*id. passim*), and seeks to pin the error on the assistants

4

to the lawyers on the case, (*id.* at 15–16).[2]  HKS further asserts that its attorneys were very busy on the day the motion was filed and "failed to notice" it. (*Id.* at 16).  As HKS would have it, "the failure to respond was an inadvertent oversight that occurred despite Counsel's diligence in the litigation." (*Id.* at 17).

The Court is not persuaded that the neglect that occurred here is "excusable."  Even if the standards governing excusable neglect in the Rule 60 context controlled here—which they do not, *see Hornady*, 118 F.4th at 1379–80—those standards are not met.  When addressing Rule 60 motions, courts typically "tak[e] account of all relevant circumstances" and consider (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[3]

---

[2] The Court's electronic filing system reflects that when Orlando Health filed its summary-judgment motion on September 30, 2025, notices of electronic filing were sent to, among others, HKS's counsel of record—two lawyers—and two other email addresses at the lawyers' firm.

[3] The Supreme Court's *Pioneer* decision arose in the context of Federal Rule of Bankruptcy Procedure 9006(b)(1), but courts also apply the *Pioneer* factors when addressing Rule 60(b)(1) motions.  *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849–50 (11th Cir. 1996); *see also Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir. 1996) (noting that in *Cheney*, the Eleventh Circuit "applied *Pioneer* to the meaning of excusable neglect as used in Federal Rule of Civil Procedure 60(b)").

These factors do not support granting relief to HKS. First, although HKS dismisses the notion of prejudice to Orlando Health, Orlando Health would certainly be harmed by wasted trial preparation and delay; this case is set for trial next month, and Orlando Health has understandably been preparing for trial in reliance on the Court's December 17 summary-judgment ruling. Second, reopening the summary-judgment proceedings at this point would require a delay in the trial; HKS's failure to respond for seventy-eight days and its failure to seek relief for over three weeks do not weigh in its favor. Third, the reason for the delay in responding—"administrative error," which was certainly within HKS's "reasonable control"—is almost unfathomable to the Court, and no reason for the delay in seeking relief from the summary-judgment order has been provided by HKS. Finally, the Court cannot conclude that HKS acted in good faith by waiting three weeks to seek relief, though the Court cannot ascribe bad faith—rather than gross negligence—to the failure to respond in the first instance. On balance, considering "all relevant circumstances," the neglect here was not "excusable."

Relatedly, applying the standards for reconsideration under Rule 54(b), HKS did not act with "due diligence" in seeking relief. *See Waetzig*, 604 U.S. at 313 (requiring that "due diligence be employed" when seeking rehearing of an interlocutory order (quoting *John Simmons Co.*, 258 U.S. at 90–91)). Although HKS asserts that it "promptly seeks relief," (Doc. 149 at 3), it certainly did not.

6

Instead, after not responding for seventy-eight days and then receiving an adverse ruling, HKS waited twenty-two days to move for relief. And its motion was filed a mere seven weeks before the trial term for this case is set to begin in March.

In sum, HKS has not presented a basis for relief under the standards of either Rule 60(b)(1) or Rule 54(b), and its motion will be denied.

### B.    BBM's Motion for Reconsideration (Doc. 151)

For its part, BBM relies on Federal Rule of Civil Procedure 59(e) in seeking reconsideration of the December 17 Order. But, like Rule 60(b) discussed above, "Rule[] 59(e) . . . only come[s] into play after a final, appealable judgment is entered." *Hornady*, 118 F.4th at 1379. Instead, the Court has "plenary authority 'to reconsider, revise, alter or amend' a non-final order" under Rule 54(b) here. *Id.* at 1380 (quoting *Toole*, 235 F.3d at 1315).

In its motion, BBM does not actually challenge the Court's rulings on HKS's affirmative defenses—the subject of Orlando Health's motion and the Court's December 17 Order. Instead, BBM contends that in the Order the Court "made a factual determination of a 'design defect' by BBM" that needs to be corrected. (Doc. 151 at 4–5). The Court is not persuaded that modification of the Order is necessary or warranted.

BBM objects to two sentences in the introductory paragraphs of the December 17 Order: "During construction of the hospital, various structural

defects became obvious. These defects—which were determined to be design defects rather than construction defects—were serious, requiring immediate repairs before completion of the hospital." (Doc. 151 at 3 ¶ 7 (quoting Order, Doc. 148, at 2)). BBM asserts that in these sentences, "the Court made factual determinations despite the existence of [a] genuine dispute of material facts." (*Id.* at 5). BBM then proceeds to take issue with statements of fact set forth by Orlando Health in its summary-judgment motion. (*See id.* at 5–9). BBM asserts that "any factual findings as to a design defect should be a question of fact reserved for the jury." (*Id.* at 9).

Relief is not warranted for several reasons. First, the two sentences to which BBM objects appeared almost verbatim in the introductory paragraphs of the Court's July 11, 2025 Order denying HKS and BBM's motion for summary judgment, which addressed whether all of Orlando Health's damages are "consequential damages." (*See* Doc. 115 at 2 ("During construction of the hospital, various structural defects became obvious. These defects—which were determined to be design defects rather than construction defects—were serious, requiring immediate repairs.")). Yet BBM did not object to those sentences when that Order was issued; indeed, there was no docket activity in this case between the July 11, 2025 Order and the September 30, 2025 summary-judgment-motion filing deadline. Additionally, at oral argument on the prior summary-judgment motion, the Court stated, "There's no dispute about any of

8

the construction issues," and no party took issue with that statement during that hearing or at any time. The Court will not remove background statements from its Order(s) at this point after the parties have failed to object to general descriptions despite having had the opportunity to do so. And again, these statements were not made in the portion of the December 17 Order (Doc. 148) addressing HKS's affirmative defenses.

Additionally, like HHS, BBM was not diligent in seeking the relief it requests. BBM filed its motion twenty-three days after the Court's December 17 Order. No explanation has been given for the delay, especially given the proximity to the trial term.

Finally, this case is set for a bench trial, not a jury trial. Thus, BBM's argument that the design-defect issue "should be a question of fact reserved for the jury" falls flat. The Court will be the finder of fact at trial. And among the facts that the Court will need to determine is whether there were indeed design defects as asserted by Orlando Health in this case.

For these reasons, BBM's motion for reconsideration will be denied.

## III.   Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

1.     The Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) (Doc. 149) filed by Defendant HKS Architects, Inc. is **DENIED**.

2.      The Motion for Reconsideration and to Alter or Amend Order on Motion for Summary Judgment (Doc. 151) filed by Third Party-Defendant, BBM Structural Engineers, Inc. is **DENIED**.

3.      The parties **shall appear** for a final pretrial conference before the undersigned on **Tuesday, February 17, 2026, at 9:30 a.m.** in Courtroom 6B, United States Courthouse, 401 W. Central Boulevard, Orlando, Florida.

**DONE** and **ORDERED** in Orlando, Florida, on February 3, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

10